# MARZEC LAW FIRM, P.C.

DARIUS A. MARZEC IS LICENSED TO PRACTICE LAW IN: NEW YORK
NEW JERSEY • CONNECTICUT • MASSACHUSETTS • PENNSYLVANIA
WASHINGTON, D.C. • ILLINOIS • FLORIDA • CALIFORNIA • HAWAII

**BROOKLYN OFFICE**
776A Manhattan Ave., Ste 104
Brooklyn, NY 11222
Phone: (718) 609-0303
Facsimile (718) 841-7508
dmarzec@marzeclaw.com

---

Via ECF

December 12, 2024

Honorable Philip M. Halpern
Southern District of New York
300 Quarropas Street, Room 530
White Plains, New York 10601

Re: <u>Lifrieri v. Restoration & Relocation 1 ByNext, LLC et al.</u>
Case No: 7:24-cv-03867 (PMH)

Dear Judge Halpern:

I represent Defendants Restoration & Relocation 1 ByNext, LLC ("Restoration" or "ByNext" or "LLC"), Next Cleanly, Inc. ("Next Cleanly"), Saifi Group, LLC ("Safi Group"), Zackary Saifi and Kam M. Saifi (collectively "Defendants") in the above-captioned action. In accordance with Rule 2C of Your Honor's Individual Practices in Civil Cases, Defendants seek a pre-motion conference to file a motion to compel arbitration and for a stay of this action pending arbitration. On December 12, 2024, undersigned [...] demanding that Plai[ntiff ...] single arbitrator un[der ...] arbitration was made [...] 1 ByNext, LLC ("LL[C ...] be arbitrated in Wes[t ...] the resolution of an[y ...] Agreement mandates [...] and transactions as a[...]

> Application granted. A pre-motion conference is scheduled for December 19, 2024 at 11:30 a.m. At the time of the conference, the parties shall call the following number: (855) 244-8681; access code 2317 236 5283.
>
> Further, the parties are directed to meet and confer regarding Defendants' anticipated motion to compel arbitration and for a stay of proceedings (Doc. 35). Defendants shall file a letter, by December 18, 2024 at 12:00 p.m., advising the Court (i) of the date and duration of the conference; and (ii) whether they intend to proceed with their request for leave to move to compel arbitration and for a stay.
>
> The Clerk of Court is respectfully directed to terminate the letter motion at Doc. 35.
>
> SO ORDERED.
>
> _/s/ Philip M. Halpern_
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
> December 13, 2024

It is well-settled that courts should enforce private agreements to resolve disputes by mandatory binding arbitration and any ambiguities or doubts should be resolved in favor of arbitration. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24–25 (1983). This principle has been codified in the Federal Arbitration Act (FAA) which provides, in part:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, *shall be valid, irrevocable, and enforceable*, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (emphasis added).

The FAA was designed to override judicial reluctance to enforce arbitration agreements, to relieve court congestion and to provide parties with a speedier and less costly alternative to litigation. Allied–Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 270, 280 (1995). Section 2 of the FAA "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24 (1983) (internal quotations and citation omitted). Any ambiguities in the arbitration clause or doubts as to the parties' intentions should be resolved in favor of arbitration. Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985).

Defendants also seek a mandatory stay of this action consistent with the FAA's underlying policy "to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 22 (1983). A stay enables parties to proceed to arbitration directly, unencumbered by the uncertainty and expense

of additional litigation, and generally precludes judicial interference until there is a final award. The FAA's text, structure, and underlying policy mandate this result. Section 3 of the FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon *any issue referable to arbitration* under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). "It is axiomatic that the mandatory term 'shall' typically creates an obligation impervious to judicial discretion." Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26, 35 (1998). The "use of a mandatory 'shall' . . . impose[s] discretionless obligations." Lopez v. Davis, 531 U.S. 230, 241 (2001). "Nowhere does the FAA abrogate this directive or render it discretionary." Katz v. Cellco P'ship, 794 F.3d 341, 345-46 (2d Cir. 2015); See McMahan Sec. Co. v. Forum Capital Mkts., 35 F.3d 82, 85-86 (2d Cir. 1994) ("Under the [FAA], a district court must stay proceedings if satisfied that the parties have agreed in writing to arbitrate an issue or issues underlying the district court proceeding. The FAA leaves no discretion with the district court in the matter.") (citation omitted).

Accordingly, Defendants respectfully request that the Court grant their request to file a motion to compel arbitration and for a stay of this action.

Respectfully,

/s/ Jerome Noll

Jerome Noll, Esq.

CC:   Anthony Varbero, Sr., Esq. via ECF and email (anthony.varbero@qpwblaw.com)